Filed 4/1/26  Jiang v. Chen CA2/8

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| SHILIN JIANG, Plaintiff and Respondent, v. DAZHI CHEN, Defendant and Appellant. | B338915 (Los Angeles County Super. Ct. No. 20STCV26736) |

APPEAL from a judgment of the Superior Court of Los Angeles County.  Christopher K. Lui, Judge.  Affirmed.

Dazhi Chen, in pro. per., for Defendant and Appellant.

Law Offices of Tom Yu, Tom Yu; Law Offices of Pelayes & Bolander, Tristan G. Pelayes, and Joseph N. Bolander for Plaintiff and Respondent.

_____

## INTRODUCTION

We affirm the trial court judgment after bench trial because defendant Dazhi Chen does not cite to the record in the briefing and does not provide a trial transcript for review.

## FACTUAL AND PROCEDURAL BACKGROUND

On July 16, 2020, plaintiff Shilin Jiang filed a complaint against defendant Dazhi Chen alleging causes of action for physical invasion of privacy under Civil Code section 1708.8 and violation of the Bane Act under Civil Code section 52.1.

On November 10, 2021, the trial court considered Jiang's motion to compel responses to requests for admissions, form interrogatories, and requests for production of documents from Chen. The trial court granted the motion compelling responses for the form interrogatories and the requests for production of documents. However, the trial court denied the motion to compel responses for the requests for admissions, when it ruled that "[t]he proper motion is one for an order deeming admitted the truth of [the] matters."

Thereafter, on February 18, 2022, the trial court considered Jiang's motion to deem requests for admissions to be admitted. This motion related to Jiang's second set of requests for the admissions. These admissions went to the core facts of the case. For example, request for admission No. 18 read: "Admit that on May 10, 2018, YOU went to PLAINTIFF's apartment to intimidate PLAINTIFF because he recently reported water leakage and growing mold inside the apartment he was renting and/or leasing from YOU . . . ." The trial court granted the motion.

2

On June 28, 2023, Chen filed a counter claim. The trial court struck the counter claim as filed for improper purpose and lack of timeliness, among other bases.

On July 10, 2023, Jiang waived jury trial. Jiang proceeded to trial on only his Bane Act theory. On July 11, 2023, the trial court presided over a one-day bench trial. The trial court precluded Chen from calling any witnesses other than himself and from admitting exhibits because he did not comply with the court's pretrial orders. During trial, the trial court admonished Chen for disruptive conduct multiple times. The court took the matter under submission and issued a written ruling on July 13, 2023. The trial court summarized Jiang's claim as follows: "Plaintiff's theory of the cases is that Defendant, who was Plaintiff's landlord, attempted to retaliate against Plaintiff for reporting water leaks and mold inside his apartment, and Defendant illegally entered the apartment and caused officers of the San Gabriel Police Department to illegally enter and search Plaintiff's apartment, and to use excessive force against Plaintiff and falsely imprison him." The trial court noted, "the admissions in this case establish the key factual issues concerning liability." In addition, the trial court placed weight on Jiang's testimony that San Gabriel police officers used force on him and caused him injury. Together with Chen's admissions, including that Chen used the officers to illegally enter the building, search the apartment, exert excessive force on Jiang, and falsely imprison Jiang, the trial court found a basis for Bane Act liability against Chen. The trial court awarded Jiang $100,000 in noneconomic damages while denying him punitive damages. Chen appealed.

## DISCUSSION

Chen argues there is no evidence of wrongful entry and no evidence he directed police officers to injure Jiang. Chen also argues the trial court abused its discretion in refusing to admit critical evidence, which violated his Fourteenth Amendment rights. We affirm because Chen does not establish any trial court error.

Initially, we presume the trial court's judgment is correct, and an appellant has the burden of identifying prejudicial error to support reversal. (*Jameson v. Desta* (2018) 5 Cal.5th 594, 609.) Here, Chen does not carry this burden for two reasons.

First, Chen's opening brief fails to cite to the trial court record, and " '[t]he appellate court is not required to search the record on its own seeking error.' " (*Young v. Fish and Game Commission* (2018) 24 Cal.App.5th 1178, 1190–1191.) Consequently, " '[i]f a party fails to support an argument with the necessary citations to the record, that portion of the brief may be stricken and the argument deemed to have been waived.' " (*Ibid.*) Because we have no citations in Chen's brief, we conclude he waived his argument.

Second, because the record on appeal does not include a trial court transcript, we cannot evaluate whether the court erred in making evidentiary determinations or evidentiary rulings. Consistent with the rule that trial court orders are presumed to be correct, " ' "if the record is inadequate for meaningful review, the appellant defaults and the decision of the trial court should be affirmed." ' " (*Jameson v. Desta, supra*, 5 Cal.5th at p. 609.) Thus, Chen has defaulted because the record on appeal does not allow for meaningful review.

## DISPOSITION

The judgment is affirmed.  Plaintiff and respondent Jiang to recover costs on appeal.

VIRAMONTES, J.

WE CONCUR:

STRATTON, P. J

SCHERB, J.